

# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

    a.  **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

        •  **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
        •  **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

        **These organizations cannot accept every case and they may decline cases at their discretion.**
        They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

        **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

    b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
        https://dcba.lacounty.gov/countywidedrp/

        **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

    c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Marc S. Williams (Bar No. 198913)<br>COHEN WILLIAMS LLP, 724 S. Spring St., 9th Floor, Los Angeles, CA 90014<br><br>TELEPHONE NO.: (213) 232-5160 FAX NO. (Optional): (213) 232-5167<br>E-MAIL ADDRESS: mwilliams@cohen-williams.com<br>ATTORNEY FOR (Name): Plaintiffs Leon Chen and Sarah Chen | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/05/2023 6:00 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Coleman, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS: 1725 Main St.
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
Leon Chen, et al. v. Marc Fineman, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: September 5, 2023
Marc S. Williams
_____ ► _____
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Leon Chen, et al. v. Marc Fineman, et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Leon Chen, et al. v. Marc Fineman, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Leon Chen, et al. v. Marc Fineman, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract**<br>(Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/<br>negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/<br>Inverse<br>Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction<br>(33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real<br>Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain,<br>landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer<br>– Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful<br>eviction) | 6, 11 |
| | Unlawful Detainer<br>– Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful<br>eviction) | 6, 11 |
| | Unlawful Detainer<br>– Post Foreclosure<br>(34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer<br>– Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture<br>(05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re<br>Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate<br>(02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial<br>Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally<br>Complex<br>Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Leon Chen, et al. v. Marc Fineman, et al. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Leon Chen, et al. v. Marc Fineman, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>2798 Ellison Drive |
|---|---|
| CITY:<br>Beverly Hills   STATE:<br>CA   ZIP CODE:<br>90210 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___West Judicial___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _09/05/2023_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MARC FINEMAN, an individual; MARC FINEMAN, a co-trustee of FINEMAN FAMILY TRUST;
AVITAL FINEMAN, an individual; AVITAL FINEMAN, a co-trustee of FINEMAN FAMILY TRUST; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEON CHEN, an individual; and SARAH CHEN, an individual

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/05/2023 6:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Coleman, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

Santa Monica Courthouse; 1725 Main St., Santa Monica, CA 90401

**CASE NUMBER:**
*(Número del Caso):*

23SMCV04182

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc S. Williams; 724 S. Spring St., 9th Floor, Los Angeles, CA 90014; (213) 232-5160

DATE: September 5, 2023
*(Fecha)* 09/05/2023

Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy
*(Secretario)* C. Coleman *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/05/2023 6:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Coleman, Deputy Clerk

1 | Marc S. Williams (Bar No. 198913)
Email: mwilliams@cohen-williams.com
2 | COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
3 | Los Angeles, CA 90014
Telephone: (213) 232-5160
4 | Facsimile: (213) 232-5167

5 | Attorneys for Plaintiffs Leon Chen and Sarah Chen

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES, WEST JUDICIAL DISTRICT**

10

11 | LEON CHEN, an individual; and SARAH
CHEN, an individual,
12 |
Plaintiffs,
13 |
v.
14 |
MARC FINEMAN, an individual; MARC
15 | FINEMAN, a co-trustee of FINEMAN FAMILY
TRUST; AVITAL FINEMAN, an individual;
16 | AVITAL FINEMAN, a co-trustee of FINEMAN
FAMILY TRUST; and DOES 1-50,
17 |
Defendants.
18

Case No.

**COMPLAINT FOR:**

**1. NEGLIGENCE PER SE**
**2. NEGLIGENCE**
**3. PRIVATE NUISANCE**
**4. PUBLIC NUISANCE**

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

COHEN WILLIAMS LLP

COMPLAINT

Plaintiffs Leon Chen and Sarah Chen (collectively, the "Chens" or "Plaintiffs") hereby allege:

**<u>INTRODUCTION</u>**

1.      Leon and Sarah Chen achieved what many people in this world want.  They got married.  They started a family.  And they bought a home in a quiet residential area in the City of Los Angeles near Beverly Hills, California.  They have two children: one was 4-years old at the time of the horrific events that give rise to this case; the other was 4-months old.

2.      On January 28, 2023, in the middle of the night, around 2:30 a.m., the Chens were awoken by gunshots, screams of terror, shouting, and knocks at their door by fleeing victims.  Bullets sprayed across the Chens' property, including one that flew through their front window, merely feet away from their 4-year-old's bedroom, which hit one of the Chens' bedroom walls.

3.      Three people were killed that night from gunshot wounds.  The three had rented the house next door to the Chens for the weekend.

4.      The shooting, murders, and bedlam on January 28, 2023, were the culmination of a year-long series of disturbances in the neighborhood, all emanating from the house next door to the Chens.  At the time of the shooting on January 28, that house – the "***Fineman Property***" – was owned by Defendants Marc and Avital Fineman, either individually or through the Fineman Family Trust of which they are the two co-trustees (collectively, the "Finemans").

5.      The Finemans had moved out of the Fineman Property approximately one year before the shootings and murders on January 28, 2023, and elected to list the house for short-term rentals.  To do so, on information and belief, the Finemans engaged the services of a third-party agent to manage the short-term rentals ("DOE 1").  What ensued was a stream of short-term renters moving in and out of the Fineman Property, loud parties, drug use, traffic, and other disturbances about which the Chens and their neighbors complained to the Finemans on multiple occasions.  The disturbances did not stop and culminated in the horror that occurred on January 28, 2023.  This kind of party-house use of the Fineman Property is not what the Chens expected when they bought their dream home, and it is not what the City of Los Angeles allows under the Ordinance governing short-term rentals.

6.      As a result of Defendants' violations of law, their negligence, and the nuisance they created, the Chens have suffered damages in the form of property damage, costs of installing security

1  measures, loss in value of their home, medical expenses, and emotional distress.  They seek

2  compensation from the defendants in this action for all of those damages.

**PARTIES**

3

4  7.    Plaintiff Leon Chen is an individual residing in Los Angeles, California, and is the co-

5  owner of the house next door to the Fineman Property.

6  8.    Plaintiff Sarah Chen is an individual residing in Los Angeles, California; she is married

7  to Leon Chen and is the other co-owner of the house next door to the Fineman Property.

8  9.    Defendant Marc Fineman is an individual residing, on information and belief, in Miami,

9  Florida.  Mr. Fineman was the co-owner or the Fineman Property at all times relevant to this action.  On

10  information and belief, Mr. Fineman owned the Fineman Property either individually or through the

11  Fineman Family Trust of which he is one of two co-trustees.  Mr. Fineman is sued individually and as

12  trustee of the Fineman Family Trust.

13  10.    Defendant Avital Fineman is an individual residing, on information and belief, in Miami,

14  Florida.  On information and belief, Mrs. Fineman is married to Mr. Fineman and was the other co-

15  owner or the Fineman Property at all times relevant to this action.  On information and belief, Mrs.

16  Fineman owned the Fineman Property either individually or through the Fineman Family Trust of which

17  she is the other co-trustee.  Mrs. Fineman is sued individually and as trustee of the Fineman Family

18  Trust.

19  11.    The true name and capacity, whether individual, corporate, or otherwise, of the defendant

20  named as DOE 1 is unknown to Plaintiffs, who therefore sue DOE 1 by such fictitious name pursuant to

21  California Code of Civil Procedure Section 474.  Plaintiffs will amend this Complaint to set forth the

22  true name and capacity of DOE 1 when they are ascertained.  On information and belief, DOE 1 was

23  acting as an agent of the Finemans at all times relevant to this action.  On information and belief, the

24  Finemans retained DOE 1 to manage short-term rentals of the Fineman Property on their behalf.

25  12.    The true names and capacities, whether individual, corporate, or otherwise, of defendants

26  named as DOES 2 through 50, inclusive, are unknown to Plaintiffs, who therefore sue these defendants

27  by such fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiffs will

28  amend this Complaint to set forth the true names and capacities of DOES 2 through 50 when they are

COHEN **WILLIAMS** LLP

1   ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of these defendants

2   participated in all or some of the acts as alleged herein and are liable to Plaintiffs.

3                                          **JURISDICTION AND VENUE**

4          13.     This Court has jurisdiction over the Finemans and DOE 1 because the Fineman Property,

5   where the incident arose, is located in the Beverly Hills area of Los Angeles County, California.

6          14.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure

7   Section 395(a), because the Fineman Property, where the incident arose, is located in in the Beverly

8   Hills area of Los Angeles County, California.

9                                          **GENERAL ALLEGATIONS**

10         15.     In the early morning on January 28, 2023, a mass shooting took place at a gathering

11  among the short-term rental tenants at the Fineman Property.  Three individuals were brutally murdered

12  and others were injured.  Needless to say, the mass shooting and murders were and continue to be a

13  highly traumatic and damaging event for Mr. and Mrs. Chen and their two young children, all of whom

14  were in their home next door to the Fineman Property during the incident.  Not only was the Chen

15  family awoken by the shocking sound of gunfire, the horrifying sound of victims screaming, and

16  desperate knocks and pounding at their door by people fleeing the scene, but bullets hit their home,

17  including one that was shot through their front window merely feet away from the bedroom of their 4-

18  year-old son.  Blood was splattered on and around the Chens' property.  The kids saw blood and body

19  parts and shot-up property.  And in the 18 hours or so after the shooting, the Chens' home was a crime

20  scene with police officers, detectives, a forensics team, and reporters on or around their property.

21         16.     The January 28 incident at the Fineman Property was not the first shooting in the area at a

22  short-term rental property.  Prior to the shooting at the Fineman Property, on information and belief,

23  there had been at least two other recent shootings at short-term rental properties in the area.  Nor was the

24  shooting on January 28 the first disturbance emanating from short-term tenants occupying the Fineman

25  Property.  There had been multiple instances in which short-term tenants of the Fineman Property had

26  engaged in drug use, loud music, revving of car engines, yelling, profanities, and other conduct unfit for

27  the neighborhood.  Prior to the January 28 incident, the Finemans had received multiple complaints

28

1   about such instances from neighbors, and the police had visited the property on at least one occasion to

2   investigate such disturbances.

3   <u>**DEFENDANTS' VIOLATION OF THE HOME-SHARING ORDINANCE**</u>

4       17.     At the time of the shooting, the Finemans, aided by DOE 1, had been leasing the Fineman

5   Property for short-term rentals in violation of Los Angeles County's Home-Sharing Ordinance

6   (Ordinance No. 185931).

7       18.     The Home-Sharing Ordinance includes a provision entitled, "Prohibitions." *See* Los

8   Angeles Municipal Code (LAMC) § 12.22A32(d).  Under that heading, Subsection 1 states: "No Person

9   shall offer, advertise, book, facilitate or engage in Home Sharing or Short-Term Rental activity in a

10  manner that does not comply with this subdivision."  LAMC § 12.22A32(d)(1).[1]  Under Subsection 2 of

11  the Prohibitions heading, the Ordinance states: "A Host may not participate in Home-Sharing unless all

12  advertisements clearly list the City-issued Home Sharing registration number or pending registration

13  status number."  LAMC § 12.22A32(d)(2).  The Finemans and DOE 1 were in violation of both

14  Subsections 1 and 2 of Section 12.22A32(d) at the time of the incident on January 28, 2023.

15  **A.     Defendants' Violation of Subsection 1 of the Prohibitions**

16      19.     Both the Finemans and DOE 1 "offer[ed], advertise[d], book[ed], facilitate[d] or

17  engage[d] in . . . Short-Term Rental activity in a manner that does not comply with" the Ordinance in

18  violation of LAMC Section 12.22A32(d)(1).

19      20.     First, the Finemans and DOE 1 are within the class of people covered by the prohibition

20  set forth in Section 12.22A32(d)(1).  That section applies broadly to a "Person" who offers, advertises,

21  books, facilitates or engages in Short-Term Rental activity.  Under the Ordinance, "Person" has "the

22  same meaning as that term is defined in Section 21.7.2" of the LAMC.  Section 21.7.2 states: "'Person'

23  means any individual, firm, partnership, joint venture, association, social club, fraternal organization,

24  joint stock company, corporation, estate, trust, business trust, receiver, trustee, syndicate or any other

---

[1] Short-Term Rental is defined in the Ordinance as follows: "A Rental Unit, rented in whole or in part, to any Person(s) for transient use of 30 consecutive days or less.  Rental Units within City-approved Hotels, motels, Transient Occupancy Residential Structures and Bed and Breakfasts shall not be considered a Short-Term Rental."

group or combination acting as a unit."  Thus, each of the Finemans (whether individually or as trustees of the Fineman Family Trust) and DOE 1 (whether an entity or individual) are "Persons" within the meaning of the prohibition expressed under Section 12.22A32(d)(1).  So long as the Finemans and DOE 1 offered, advertised, booked, facilitated or engaged in Short-Term Rental activity in a manner that does not comply with the Ordinance, they are in violation of the law.

21. Second, the Finemans and DOE 1 did "offer, advertise, book, facilitate or engage in Short-Term Rental activity."  Indeed, the Finemans not only knew that their home was being offered, advertised, and booked for Short-Term Rentals, but, on information and belief, they entered into an agreement with DOE 1 for the specific purpose of having DOE 1 offer, advertise, book, facilitate or engage in Short-Term Rentals.  Moreover, the Home-Sharing Administrative Guidelines issued by the Department of City Planning make clear that property owners, like the Finemans, are responsible for any violation of the Prohibitions in the Ordinance: "Hosts and/or property owners are responsible for violation of any of the Prohibitions section in the Ordinance as described in Section V above."  *See* Guidelines, Section VI.[2]

22. Third, the Finemans' and DOE 1's Short-Term Rental activity was done "in a manner that does not comply with" the Home-Sharing Ordinance.

23. The Home-Sharing Ordinance permits Short-Term Rentals only of a "Primary Residence," which is defined in the Ordinance as: "The sole residence from which the Host conducts Home-Sharing and in which the Host resides for more than 6 months of the calendar year."  The Fineman Property was not anyone's "sole residence" and nobody had been residing in that residence "for more than 6 months of the calendar year" at the time of the mass shooting and murders on January 28, 2023.  Indeed, a Senior Lead Officer for the Los Angeles Police Department informed the Chens that the short-term rental of the Fineman Property had been deemed illegal due to the home owner not living on the property.  In addition, the Short-Term Rental activity was done "in a manner that does not comply with" the Home-Sharing Ordinance for another reason – nobody registered for Home-Sharing of the

---

[2] Section V of the Home-Sharing Administrative Guidelines sets forth the Prohibitions under LAMC § 12.22A32(d).

Fineman Property by filing an application with the Department of City Planning, as required under the Ordinance.

**B.    Defendants' Violation of Subsection 2 of the Prohibitions**

24.    The Finemans and DOE 1 also violated LAMC Section 12.22A32(d)(2), which states: "A Host may not participate in Home-Sharing unless all advertisements clearly list the City-issued Home Sharing registration number or pending registration status number."  The Finemans and DOE 1 participated in Home-Sharing.  Nobody registered the Fineman Property for Home-Sharing with the Department of City Planning.  And advertisements for short-term renting of the Fineman Property did not list a City-issued Home-Sharing registration number or pending registration status number, given that no application for registration was ever made.  Indeed, as discussed below, the City of Los Angeles cited the Finemans for 10 separate violations of Section 12.22A32(d)(2) – citations that the Finemans have paid and not contested.

**C.    The City's Warning of the Finemans' Violations of the Home-Sharing Ordinance**

25.    The Finemans' violations of the Home-Sharing Ordinance are particularly egregious because they were put on notice of their violations months before the incident on January 28, 2023.  On September 6, 2022, the Home-Sharing Unit of the Department of City Planning sent the Finemans a Notice of Code Violation of Home-Sharing Ordinance (the "First Warning Letter").  The First Warning Letter was specifically addressed to: "FINEMAN, MARC L AND AVITAL TRS, FINEMAN FAMILY TRUST."

26.    The First Warning Letter informed the Finemans that the Home-Sharing Ordinance became effective on July 1, 2019, and that the Ordinance requires hosts who wish to engage in short-term rental activity to register with the City of Los Angeles, obtain a registration number, and post that number on all advertisements.  The First Warning Letter further notified the Finemans that, "as the identified owner or tenant of the above-referenced property, you may be in violation of the Home-Sharing Ordinance (Section 12.22.A.32(1)) of the Los Angeles Municipal Code (LAMC))."  Specifically, the First Warning Letter informed the Finemans that their property had "been identified as Short-Term Rental through advertised listings found on one or more websites that advertise short-term rentals."  The First Warning Letter further stated: "It is illegal to rent property in the City on a short-term

term basis (30 or fewer consecutive days) without first obtaining an official registration number from the Los Angeles Department of City Planning (Department)."

**D.   Defendants' Failure to Cease Violation of the Home-Sharing Ordinance**

27.     Notwithstanding the First Warning Letter, the Finemans and DOE 1 did not register with the City of Los Angeles.  Nor would they have been eligible to register for Home-Sharing because, as noted, the Fineman Property was not anyone's Principal Residence.  The Ordinance requires an applicant to "register for Home-Sharing" by filing an "application with the Department of City Planning."  LAMC § 12.22A32(c).  The application "shall include," among other things, "information needed to verify the Host's identification and Primary Residence."  LAMC § 12.22A32(c)(1).  To be eligible for Home-Sharing registration, the proposed Home-Sharing is limited to the Host's Primary Residence, as stated in the portions of the Ordinance quoted below:

> Eligibility Requirements. The following requirements must be met at the time of submitting an application for Home-Sharing registration:
>
> . . .
>
> (ii)  The proposed Home-Sharing is consistent with the provisions of this subdivision and is limited to the Host's Primary Residence.

LAMC § 12.22A32(c)(2)(ii).

28.     Thus, notwithstanding the First Warning Letter, the Finemans and DOE 1 continued to engage in illegal Short-Term Rental activity, including on the night and early morning of the incident on January 28, 2023, and the Fineman Property was not even eligible to participate in Short-Term Rentals on that date, given the home was not anyone's Primary Residence.

**E.   The City's Citation of the Finemans for Home-Sharing Ordinance Violations**

29.     Given the Finemans' continued violation of the Ordinance after receiving the First Warning Letter, unsurprisingly on March 9, 2023, the City of Los Angeles issued a Citation for Violation of Home-Sharing Ordinance to the Finemans, citing the Finemans for 10 separate violations of the Ordinance, specifically for violation of LAMC Section 12.22A32(d)(2).  On March 17, 2023, the City of Los Angeles issued an "Official Notice of Administrative Violation and Fine Due" to the Finemans, with an amount due of $5,275.60 in fines ($527.56 for each of the 10 violations).  On March

28, 2023, the City of Los Angeles issued another "Official Notice of Administrative Violation and Fine Due" to the Finemans, with an amount due of $5,275.60 in fines ($527.56 for each of the 10 violations). According to the Los Angeles Planning Department, the citations were not contested and the fines were paid in full.

## **FIRST CAUSE OF ACTION**

### **(Against all Defendants for Negligence Per Se)**

30.     Plaintiffs incorporate by reference as if fully set forth here the allegations of Paragraphs 1 through 29.

31.     Defendants are liable to the Chens under the doctrine of per se negligence because at the time of the shooting and murders Defendants had been leasing the Fineman Property for short-term rentals in violation of Los Angeles County's Home-Sharing Ordinance (Ordinance No. 185931).

32.     The violation of the Home-Sharing Ordinance proximately caused injury to the Chens personally and to their property.  To date, the Chens have suffered damages in the form of property damage, cost of installing security measures, loss in value of their home, medical expenses, emotional distress, and other damages.

33.     Had Defendants refrained from unlawfully leasing the Fineman Property to short-term tenants, the Chens and their home would not have been damaged.

34.     The Chens' injuries resulted from an occurrence the nature of which the Home-Sharing Ordinance was designed to prevent.  The Ordinance – and the specific requirement of the Ordinance that Defendants violated (*i.e.*, that short-term rentals only be permitted in primary residences) – could not be clearer that it was designed to prevent exactly the kinds of negative impacts that occurred at the Fineman Property both before and on January 28, 2023.  This purpose of the primary residence requirement is expressly stated right up front at the beginning of the Ordinance – to avoid the unfavorable consequences of short-term rentals, including negative impacts on the residential character of surrounding neighborhoods and increased nuisance activity:

WHEREAS, short-term rentals in property other than a primary residence create unfavorable consequences, ***including negative impacts on the residential character of surrounding neighborhoods and increased nuisance activity***

(Emphasis added.)

35.     The Home-Sharing Ordinance reiterates this "purpose" in the following clause, which was incorporated as Subdivision 32 of Section 12.22 A of the Los Angeles Municipal Code:

Purpose. The purpose of this subdivision is to allow for the efficient use and sharing of a residential structure which is a Host's Primary Residence, ***without detracting from the surrounding residential character or the City's available housing stock***.

(Emphasis added.)

36.     Thus, the City of Los Angeles was aware that short-term rentals have negative impacts on the residential character of surrounding neighborhoods and increase nuisance activity, and that these unfavorable consequences could be avoided if short-term rentals are limited only to primary residences, such that the host continues to reside in the neighborhood for no less than 6 months out of the year. Accordingly, the Ordinance permits short-terms rentals only of a primary residence, and since the Fineman Property is not a primary residence, there should not have been any short-term rentals on the premises.

37.     The Chens are squarely within the class of persons for whose protection the Home-Sharing Ordinance was adopted.  The Chens are immediate neighbors.  They are precisely the people the Ordinance was designed to protect.  They are the ones who would most proximately suffer – and in this situation have indeed suffered – from the negative impacts of short-term rentals on the residential character of the neighborhood and increased nuisance activity.

## SECOND CAUSE OF ACTION

### (Against all Defendants for Negligence)

38.     Plaintiffs incorporate by reference as if fully set forth here the allegations of Paragraphs 1 through 37.

39.     The Finemans and DOE 1 owed Plaintiffs a duty to use care in the use, management, and maintenance of the Fineman Property; they also owed a duty because of the special relationship between neighbors of adjoining properties.

40.     Finemans and DOE 1 were on notice of multiple problems and risks associated with the short-term rental of the Fineman Property prior to January 28, 2023.  What happened in the early

1   morning hours on that date was foreseeable and could have been prevented had defendants not been

2   negligent in their use, management, and maintenance of the Fineman Property.

3       41.    The Finemans and DOE 1 were negligent and breached the duties they owed to Plaintiffs.

4       42.    Plaintiffs were harmed.

5       43.    The Finemans' and DOE 1's negligence was a substantial factor in causing Plaintiffs'

6   harm.

7                          **THIRD CAUSE OF ACTION**

8                  **(Against all Defendants for Private Nuisance)**

9       44.    Plaintiffs incorporate by reference as if fully set forth here the allegations of Paragraphs 1

10  through 43.

11      45.    Plaintiffs suffered harm because the Finemans and DOE 1 created a private nuisance.

12      46.    Plaintiffs owned the property next door to the Fineman Property.

13      47.    The Finemans and DOE 1, by acting or failing to act, created a condition or permitted a

14  condition to exist that was harmful to health, indecent or offensive to the senses, and/or was an

15  obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or

16  property.

17      48.    The Finemans' and DOE 1's conduct in acting or failing to act was intentional and

18  unreasonable, or unintentional, but negligent or reckless.

19      49.    The condition caused by Finemans' and DOE 1's conduct in acting or failing to act

20  substantially interfered with Plaintiffs' use or enjoyment of their land.

21      50.    An ordinary person would reasonably be annoyed or disturbed by the Finemans' and

22  DOE 1's conduct.

23      51.    Plaintiffs did not consent to the Finemans' and DOE 1's conduct.

24      52.    Plaintiffs were harmed.

25      53.    The Finemans and DOE 1's conduct was a substantial factor in causing Plaintiffs' harm.

26      54.    The seriousness of the harm outweighs the public benefit of the Finemans' and DOE 1's

27  conduct.

28

COHEN WILLIAMS LLP

**FOURTH CAUSE OF ACTION**

**(Against all Defendants for Public Nuisance)**

55.     Plaintiffs incorporate by reference as if fully set forth here the allegations of Paragraphs 1 through 54.

56.     Plaintiffs claim that they suffered harm because the Finemans and DOE 1 created a public nuisance.

57.     The Finemans and DOE 1, by acting or failing to act, created a condition or permitted a condition to exist that was harmful to health, was indecent or offensive to the senses, and/or was an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property.

58.     The condition caused by Finemans' and DOE 1's conduct in acting or failing to act affected a substantial number of people at the same time, specifically the many neighbors residing in and around the cul-de-sac where the Fineman Property is located.

59.     An ordinary person would be reasonably annoyed or disturbed by the condition caused by Finemans' and DOE 1's conduct.

60.     The seriousness of the harm outweighs the social utility of the Finemans' and DOE 1's conduct.

61.     Plaintiffs did not consent to the Finemans' and DOE 1's conduct.

62.     Plaintiffs suffered harm that was different from the type of harm suffered by the general public because Plaintiffs were next-door neighbors with the Fineman Property and were directly impacted by the disturbances at the Fineman Property, including in particular in the early morning of January 28, 2023, when, among other things, bullets hit their house, a bullet flew through one of their windows, and people were pounding on their door fleeing the scene.

63.     The Finemans' and DOE 1's conduct was a substantial factor in causing Plaintiffs' harm.

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment against all defendants, jointly and severally, on each cause of action alleged in this Complaint, as follows:

1. For damages based on property damage, cost of installing security measures, loss in value of Plaintiffs' home, medical expenses, emotional distress, and lost earnings, in amount to be determined at trial;

2. For other general and special damages, in amount to be determined at trial;

3. For punitive damages;

4. For interest thereon at the legal rate;

5. For costs of suit;

6. For attorneys' fees and costs, as permitted by law; and

7. For such other and further relief that the Court deems proper.

Dated:  September 5, 2023                **COHEN WILLIAMS LLP**


By: _____
Marc S. Williams
Attorneys for Plaintiffs Leon Chen and Sarah Chen

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

1

2

3

4

5        SUPERIOR COURT OF THE STATE OF CALIFORNIA

6            FOR THE COUNTY OF LOS ANGELES

7

8    IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
     — MANDATORY ELECTRONIC FILING   )
9    FOR CIVIL                        )
                                      )
10                                    )
                                      )
11   _____)

12        On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

13   documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

14   Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

15   Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

16   All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

17   following:

18   1) DEFINITIONS

19      a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to

20         quickly locate and navigate to a designated point of interest within a document.

21      b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling

22         portal, that gives litigants access to the approved Electronic Filing Service Providers.

23      c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission

24         of documents to the Court for processing which may contain one or more PDF documents

25         attached.

26      d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a

27         document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

28

---

1

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

    i)    Depositions;

    ii)    Declarations;

    iii)    Exhibits (including exhibits to declarations);

    iv)    Transcripts (including excerpts within transcripts);

    v)    Points and Authorities;

    vi)    Citations; and

    vii)    Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9)  PRINTED COURTESY COPIES

a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)  Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)  Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10)  WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a)  Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1   11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6           This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019



     KEVIN C. BRAZILE

11                                     Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Beverly Hills Courthouse<br>9355 Burton Way, Beverly Hills, CA 90210 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/05/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Coleman _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>23SMCV04182 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Edward B. Moreton, Jr. | 205 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  09/07/2023
     (Date)

David W. Slayton, Executive Officer / Clerk of Court

By  C. Coleman                                    , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)
Date:

_____                    ➤ _____
            (TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Print       Save                                                                 Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date: _____

➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    Request for Informal Discovery Conference
   ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date: _____

&#10233; _____
      (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____       _____
                                             JUDICIAL OFFICER

[ Print ]  [ Save ]  [ Clear ]

1

2

3     **FILED**
      LOS ANGELES SUPERIOR COURT

      MAY 1 1 2011

      JOHN A. CLARKE, CLERK

      BY NANCY NAVARRO, DEPUTY

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                  **FOR THE COUNTY OF LOS ANGELES**

9

10    General Order Re                    )    ORDER PURSUANT TO CCP 1054(a),
      Use of Voluntary Efficient Litigation   )    EXTENDING TIME TO RESPOND BY
11    Stipulations                        )    30 DAYS WHEN PARTIES AGREE
                                          )    TO EARLY ORGANIZATIONAL
12                                        )    MEETING STIPULATION
                                          )
13    _____)

14         Whereas the Los Angeles Superior Court and the Executive Committee of the

15    Litigation Section of the Los Angeles County Bar Association have cooperated in

16    drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

17

18    use in general jurisdiction civil litigation in Los Angeles County;

19         Whereas the Los Angeles County Bar Association Litigation Section; the Los

20    Angeles County Bar Association Labor and Employment Law Section; the Consumer

21

22    Attorneys Association of Los Angeles; the Association of Southern California Defense

23    Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

24    Employment Lawyers Association all "endorse the goal of promoting efficiency in

25    litigation, and ask that counsel consider using these stipulations as a voluntary way to

26

27    promote communications and procedures among counsel and with the court to fairly

28    resolve issues in their cases;"

                                    -1-

                        ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_

5                                   Carolyn B. Kuhl, Supervising Judge of the

6                                   Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Beverly Hills Courthouse
9355 Burton Way, Beverly Hills, CA 90210

PLAINTIFF:
Leon Chen  et al

DEFENDANT:
MARC FINEMAN, an individual, et al.

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By: _____ C. Coleman _____ Deputy

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
23SMCV04182

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 03/05/2024        Time: 8:30 AM        Dept.: 205

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 09/07/2023

Judicial Officer

Edward B. Moreton, Jr. / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Beverly Hills _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Marc S Williams,Esq
724 S Spring Street Suite 903

Los Angeles, CA 90014

Dated: 09/07/2023

David W. Slayton, Executive Officer / Clerk of Court

By C. Coleman _____
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Beverly Hills Courthouse<br>9355 Burton Way, Beverly Hills, CA 90210 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/07/2023<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Coleman _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Leon Chen  et al | |
| DEFENDANT/RESPONDENT:<br>MARC FINEMAN, an individual, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23SMCV04182 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Beverly Hills, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Marc S Williams,Esq
COHEN WILLIAMS LLP
724 S Spring Street Suite 903
Los Angeles, CA 90014

David W. Slayton, Executive Officer / Clerk of Court

Dated: 09/7/2023                    By:  C. Coleman
                                                      Deputy Clerk


**CERTIFICATE OF MAILING**

# 23SMCV04182, LEON CHEN, ET AL. vs. MARC FINEMAN, AN INDIVIDUAL, ET AL.

CA Superior - Los Angeles County

Los Angeles

**This case was retrieved on 10/02/2023**

## Header

**Case Number:** 23SMCV04182
**Date Filed:** 09/05/2023
**Date Full Case Retrieved:** 10/02/2023
**Status:** Open
**Misc:** (1108) Other Personal Injury/Property Damage/Wrongful Death (General Jurisdiction); Civil

## Summary

**Case Type**: Civil

## Participants

| Litigants | Attorneys |
|---|---|
| CHEN LEON | |
| **Plaintiff** | |
| CHEN SARAH | |
| **Plaintiff** | |
| AVITAL FINEMAN A CO-TRUSTEE OF FINEMAN FAMILY TRUST | |
| **Defendant** | |
| FINEMAN AN INDIVIDUAL AVITAL | |
| **Defendant** | |
| FINEMAN AN INDIVIDUAL MARC | |
| **Defendant** | |
| MARC FINEMAN A CO-TRUSTEE OF FINEMAN FAMILY TRUST | |
| **Defendant** | |

**--- Unassociated Attorneys ---**

WILLIAMS ESQ MARC S

Attorney for Plaintiff

## Schedule

| Date | Location | Subject |
|---|---|---|
| 03/05/2024 | at 08:30 AM in Department 205 at 9355 Burton Way, Beverly Hills, CA 90210 | Case Management Conference |

## Other Docket Proceedings

23SMCV04182, LEON CHEN, ET AL. vs. MARC FINEMAN, AN INDIVIDUAL, ET AL.

| Date | Details |
|---|---|
| 09/05/2023 | Alternate Dispute Resolution Packet Filed by Clerk |
| 09/05/2023 | Civil Case Cover Sheet Filed by Leon Chen (Plaintiff); Sarah Chen (Plaintiff) |
| 09/05/2023 | Complaint Filed by Leon Chen (Plaintiff); Sarah Chen (Plaintiff) |
| 09/05/2023 | First Amended General Order re: Mandatory Electronic Filing Filed by Clerk |
| 09/05/2023 | Notice of Case Assignment - Unlimited Civil Case Filed by Clerk |
| 09/05/2023 | Summons (on Complaint) Filed by Leon Chen (Plaintiff); Sarah Chen (Plaintiff) |
| 09/05/2023 | Voluntary Efficient Litigation Stipulation Packet Filed by Clerk |
| 09/07/2023 | Notice of Case Management Conference Filed by Clerk |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 09/05/2023 | | Alternate Dispute Resolution Packet | PageCount 2 |
| 09/05/2023 | | Civil Case Cover Sheet | PageCount 7 |
| 09/05/2023 | | Complaint | PageCount 13 |
| 09/05/2023 | | First Amended General Order re: Mandatory Electronic Filing  First Amended General Order re: Mandatory Electronic Filing | PageCount 7 |
| 09/05/2023 | | Notice of Case Assignment - Unlimited Civil Case | PageCount 2 |
| 09/05/2023 | | Summons Summons on Complaint | PageCount 1 |
| 09/05/2023 | | Voluntary Efficient Litigation Stipulation Packet | PageCount 12 |
| 09/07/2023 | | Notice of Case Management Conference | PageCount 2 |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**